```
                                    F I L E D
                              CLERK, U.S. DISTRICT COURT
                                    11/14/2025
                              CENTRAL DISTRICT OF CALIFORNIA
                              BY: ____RYO_____ DEPUTY
```

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

October 2025 Grand Jury

| UNITED STATES OF AMERICA, | CR 2:25-cr-00941-MRA |
|---|---|
| Plaintiff, | I N D I C T M E N T |
| v. | [18 U.S.C. § 922(g)(1): Felon in Possession of Ammunition; 26 U.S.C. § 5861(d): Possession of an Unregistered Firearm; 26 U.S.C. § 5861(i): Possession of a Firearm Without Serial a Number; 18 U.S.C. § 924(d)(1), 26 U.S.C. § 5872, and 28 U.S.C. § 2461(c): Criminal Forfeiture] |
| SHANE PRUKOP, | |
| Defendant. | |

The Grand Jury charges:

COUNT ONE

[18 U.S.C. § 922(g)(1)]

On or about September 10, 2025, in Ventura County, within the Central District of California, defendant SHANE PRUKOP knowingly possessed ten rounds of 12-Gauge ammunition marked "WINCHESTER 12GA", 24 rounds of .22 caliber ammunition marked "F", ten rounds of 9mm Luger caliber ammunition marked "*-* 9mm LUGER", seven rounds of 9mm Luger caliber ammunition marked "WMA 23" NATO, 20 rounds of 12-Gauge ammunition marked "12 *" in boxes labeled "DDUPLEKS", 187 rounds of .223 caliber ammunition marked "LC 223 REM", eight rounds of 9mm

1  Luger caliber ammunition marked "*-* 9mm LUGER", 213 rounds of 9mm
2  Luger caliber ammunition marked "LC 223 REM", 121 rounds of 9mm Luger
3  caliber ammunition marked  "*-* 223 REM", 70 rounds of 9mm Luger
4  caliber ammunition marked "NOSLER 223 REM", each in and affecting
5  interstate and foreign commerce.
6     Defendant PRUKOP possessed such ammunition knowing that he had
7  previously been convicted of the following felony crime, punishable
8  by a term of imprisonment exceeding one year: Robbery, in violation
9  of California Penal Code § 211, in the Superior Court of the State of
10 California, County of Lassen, case number 200210131, on or about
11 December 6, 2000.
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

COUNT TWO

[26 U.S.C. § 5861(d)]

On or about September 11, 2025, in Ventura County, within the Central District of California, defendant SHANE PRUKOP knowingly possessed a firearm, namely, an unmarked firearm silencer approximately 6 and 3/4 inches in length and approximately 1 and 1/2 inches in diameter, bearing no serial number, which defendant PRUKOP knew to be a firearm and firearm silencer, as defined in Title 26, United States Code, Section 5845(a)(7) and Title 18, United States Code, Section 921(a)(25), and which had not been registered to defendant PRUKOP in the National Firearms Registration and Transfer Record, as required by Title 26, United States Code, Chapter 53.

COUNT THREE

[26 U.S.C. § 5861(i)]

On or about September 11, 2025, in Ventura County, within the Central District of California, defendant SHANE PRUKOP knowingly possessed a firearm, namely, an unmarked firearm silencer approximately 6 and 3/4 inches in length and approximately 1 and 1/2 inches in diameter, bearing no serial number, which defendant PRUKOP knew to be a firearm and firearm silencer, as defined in Title 26, United States Code, Section 5845(a)(7) and Title 18, United States Code, Section 921(a)(25), and which was not identified by a serial number, as required by Title 26, United States Code, Chapter 53.

4

FORFEITURE ALLEGATION ONE

[18 U.S.C. § 924(d)(1); 28 U.S.C. § 2461(c)]

1. Pursuant to Rule 32.2(a) of the Federal Rules of Criminal Procedure, notice is hereby given that the United States of America will seek forfeiture as part of any sentence, pursuant to Title 18, United States Code, Section 924(d)(1), and Title 28, United States Code, Section 2461(c), in the event of defendant's conviction of the offense set forth in Count One of this Indictment.

2. If so convicted, defendant shall forfeit to the United States of America the following:

    (a) All right, title, and interest in any firearm or ammunition involved in or used in such offenses; and

    (b) To the extent such property is not available for forfeiture, a sum of money equal to the total value of the property described in subparagraph (a).

3. Pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 28, United States Code, Section 2461(c), the convicted defendant shall forfeit substitute property, up to the value of the property described in the preceding paragraph if, as the

///

result of any act or omission of said defendant, the property described in the preceding paragraph or any portion thereof (a) cannot be located upon the exercise of due diligence; (b) has been transferred, sold to, or deposited with a third party; (c) has been placed beyond the jurisdiction of the court; (d) has been substantially diminished in value; or (e) has been commingled with other property that cannot be divided without difficulty.

FORFEITURE ALLEGATION TWO

[26 U.S.C. § 5872 and 28 U.S.C. § 2461(c)]

1. Pursuant to Rule 32.2 of the Federal Rules of Criminal Procedure, notice is hereby given that the United States of America will seek forfeiture as part of any sentence, pursuant to Title 26, United States Code, Section 5872 and Title 28, United States Code, Section 2461(c), in the event of the defendant's conviction of the offenses set forth in any of Counts Two and Three of this Indictment.

2. The defendant, if so convicted, shall forfeit to the United States of America the following:

(a) All right, title, and interest in any firearm or ammunition involved in or used in any such offense; and

(b) To the extent such property is not available for forfeiture, a sum of money equal to the total value of the property described in subparagraph (a).

3. Pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 28, United States Code, Section 2461(c), the defendant, if so convicted, shall forfeit substitute property, up to the value of the property described in the preceding paragraph if, as the result of any act or omission of the defendant, the property described in the preceding paragraph or any portion thereof (a) cannot be located upon the exercise of due diligence; (b) has been transferred, sold to, or deposited with a third party; (c) has been placed beyond the jurisdiction of the court; (d) has

//
//
//

been substantially diminished in value; or (e) has been commingled with other property that cannot be divided without difficulty.

                                        A TRUE BILL


                                        /S/
                                        Foreperson


BILAL A. ESSAYLI
First Assistant United States Attorney

ALEXANDER B. SCHWAB
Assistant United States Attorney
Acting Chief, Criminal Division

*Frances S. Lewis* (signature)

FRANCES S. LEWIS
Assistant United States Attorney
Chief, General Crimes Section

SHAWN T. ANDREWS
Assistant United States Attorney
Deputy Chief, General Crimes Section

YERVANT P. HAGOPIAN
Assistant United States Attorney
Major Frauds Section

8